UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Samantha Moorehead,** ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-00403 |
| ) | |
| v. ) | |
| ) | |
| **KRG MS Oak Brook LLC d/b/a McCormick** ) | |
| **and Schmick's,** ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff, Samantha Moorehead ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against KRG MS Oak Brook LLC d/b/a McCormick and Schmick's ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's sex based discrimination, sexual harassment, and retaliation against Plaintiff in violation of Title VII to correct unlawful employment practices and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Samantha Moorehead resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, KRG MS Oak Brook LLC d/b/a McCormick and Schmick's doing business in and for DuPage County whose address is 3001 Butterfield Road, Oakbrook, IL 60523.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry

affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. The Plaintiff, Samantha Moorehead, was hired at KRG MS Oak Brook LLC d/b/a McCormick and Schmick's as a server on or around August 12, 2019.

12. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

13. The Plaintiff was subjected to discrimination and sexual harassment on the basis of her sex.

14. The discrimination was severe and pervasive and occurred on a daily basis. The Plaintiff had to endure humiliating and degrading comments that made the work environment hostile and unbearable due to the sexual harassment on the basis her gender.

15. The sexual harassment endured by the Plaintiff was a material change in the terms and conditions of employment, namely being harassed and humiliated.

16. The pervasive discrimination resulted in adverse employment actions such as demotions, cut in hours of employment, and being sent home early.

17. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

18. For the duration of the Plaintiff's employment and on a daily basis, the Plaintiff was consistently discriminated against on the basis of her sex.

19. In or around the fall of 2019, the Plaintiff's coworker, Ishmael, began to sexually harass the Plaintiff. He would grab the Plaintiff's waist, brush his body against hers, and would

make sexually charged comments such as "Is your boyfriend not giving it to you" and he would then make sexual gestures towards the Plaintiff.

20. The Plaintiff reported the sexual harassment to the Defendant's General Manager, Mr. Fred Jarosh (male). Fred told the Plaintiff "I'll take care of it."

21. Fred would also treat male employees more favorably than female employees.

22. The Plaintiff's complaints and concerns were ignored and the sexual and pervasive conduct by Ishmael continued.

23. The Plaintiff feared for her safety and mental health.

24. In or around February, 2022, Ishmael continued to sexually harass female co-workers including the Plaintiff by engaging in unsolicited sexual conversations and unwanted physical touching.

25. The Plaintiff once again reported Ishmael's severe and pervasive behavior to Fred.

26. Again, the complaints of sexual harassment were ignored.

27. On or around February 9, 2022, as the Plaintiff was finishing her work shift, Ishmael approached the Plaintiff from behind, groped her buttocks and breasts and then proceeded to walk away as if nothing happened.

28. The Plaintiff immediately reported him to the bartender on duty as a manager was not present at the time.

29. Plaintiff was extremely distraught, embarrassed and humiliated by Ishmael's blatant sexual assault and harassment and was unable to return to work that evening or the next day.

30. Following this incident, Plaintiff was advised by other female co-workers that Ishmael had also sexually assaulted them and had made sexual comments towards them.

31. In or around March, 2022, because of the continued unlawful conduct, the Plaintiff felt uncomfortable working with Ishmael and again reported him to Fred.

32. Fred advised that he "would handle it after the matter is investigated."

33. In or around April, 2022, Ishmael was terminated, however, he would continue to go back to the Employer to have drinks and would stare at female employees including the Plaintiff.

34. Plaintiff again addressed her concerns of working in the presence of Ishmael to Fred who responded to her by stating "He's harmless, he's not going to do anything."

35. The Plaintiff's complaints and fears again fell on deaf ears.

36. Since the reporting of the last complaint, Plaintiff's hours have been significantly reduced.

37. The Defendant's reason for the reduction of hours was in retaliation for the Plaintiff reporting sexual harassment.

38. The Employer has and continues to fail to keep Plaintiff safe from sexual harassment.

39. The Plaintiff has been discriminated against on the basis of her sex, female and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I
### Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex/gender, in violation of Title VII.

42. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of Title VII.

43. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

44. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

45. Plaintiff demands that this count be tried by a jury.

## COUNT II
### Sexual Harassment in Violation of
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

46. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII.

48. Defendant knew or should have known of the sexual harassment.

49. The sexual harassment was severe or pervasive.

50. The sexual harassment was offensive subjectively and objectively.

51. Plaintiff is a member of a protected class under Title VII, due to Plaintiff being female.

52. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of hours, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

53. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

54. Plaintiff is a member of a protected class under Title VII.

55. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment and sex-based discrimination, which created a sufficiently severe or pervasive work condition in violation of Title VII.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

57. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment and sex discrimination.

58. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sex-based discrimination, by cutting her hours.

60. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

61. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

7

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Pre-judgment and post-judgment interest;

  f. Injunctive relief;

  g. Liquidated damages;

  h. Punitive damages;

  i. Reasonable attorney's fees and costs; and

  j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 23rd day of January, 2023.

  */s/ Nathan C. Volheim, Esq.*
  **NATHAN C. VOLHEIM, ESQ.**
  **FRANKLIN JARA, ESQ.**
  SULAIMAN LAW GROUP LTD.
  2500 S. Highland Avenue, Suite 200
  Lombard, Illinois 60148
  Phone (630) 568-3056
  Fax (630) 575 - 8188
  nvolheim@sulaimanlaw.com
  fjara@sulaimanlaw.com
  *Attorneys for Plaintiff*