**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00403 |
| | ) | |
| KRG MS OAK BROOK, LLC d/b/a | ) | Hon. Manish S. Shah |
| MCCORMICK AND SCHMICK'S, | ) | |
| | ) | Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Samantha Moorehead ("Plaintiff"), and Defendant, KRG MS Oak Brook, LLC

d/b/a McCormick and Schmick's ("Defendant"), by and through their undersigned attorneys, hereby

submit the following joint initial status report:

1.     **The Nature of the Case**

    **a. Attorneys of Record**

| | |
|---|---|
| **Nathan C. Volheim, Esq.** (Lead) | **Kevin W. Frey, Esq.** (Lead) |
| **Franklin Jara, Esq.** | **Katherine E. Stryker, Esq.** |
| Sulaiman Law Group, Ltd | Laner Muchin, Ltd. |
| 2500 South Highland Ave., Suite 200 | 515 N. State St., Ste. 2800 |
| Lombard, IL 60148 | Chicago, IL 60654 |
| (630) 568-3056 | (312) 467-9800 |
| nvolheim@sulaimanlaw.com | kfrey@lanermuchin.com |
| fjara@sulaimanlaw.com | kstryker@lanermuchin.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

    **b. State the basis for federal jurisdiction.**

        Subject matter jurisdiction before this Court is appropriate pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.*

    **c. Describe the nature of the claims asserted in the complaint and any counterclaims.**

        This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") for Defendant's sex based discrimination, sexual harassment, and retaliation against Plaintiff in violation of Title VII to correct alleged unlawful employment practices and to provide appropriate relief to Plaintiff, who was adversely impacted by such practices.

Defendant denies that it violated Title VII of the Civil Rights Act of 1964.

**d. State the major legal and factual issues in the case.**

- Whether the work environment was objectively and subjectively offensive;

- Whether the harassment complained of was based on gender;

- Whether the conduct was either severe or pervasive;

- Whether Plaintiff participated in protected activity;

- Whether there was a materially adverse action taken by the employer;

- Whether there is a causal connection between the protected activity and the materially adverse action;

- Whether Plaintiff made a report of alleged sexual harassment to Defendant in 2019;

- Whether Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior; and

- Whether Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**e. Describe the relief sought by the plaintiff (and counter-claimant).**

Plaintiff seeks the following relief pursuant to her claims against the Defendant: Back pay and benefits, interest on back pay and benefits, front pay and benefits, compensatory damages for emotional pain and suffering, pre and post-judgement interest, injunctive relief, liquidated damages, punitive damages, reasonable attorney's fees and costs, and any other relief this Court may deem just and equitable.

2. **Pending Motions and Case Plan**

**a. Identify all pending motions.**

None at this time.

**b. Proposed Discovery Plan:**

**i. General type of discovery needed:** The Parties anticipate the need for written and oral fact discovery. The Parties are uncertain as to whether expert discovery will be required at this time based upon the early stage of this litigation.

**ii. Date for Rule 26(a)(1) disclosures:** April 7, 2023

**iii. Date to issue the first-set of written discovery requests:** April 21, 2023

      **iv. Fact discovery completion date:** October 20, 2023

      **v. If there will be expert discovery, an expert discovery completion date, including dates for the deliver of expert reports (or summaries of non-retained expert discovery):** The parties do not anticipate expert discovery at this time.

      **vi. Date for the filing of dispositive motions:** January 17, 2024

  **c. State whether a jury trial is requested and the probable length of trial.**

    Plaintiff demands a jury trial.  The parties expect a 5 day trial.

**3.**       <u>**Consent to Proceed Before a Magistrate Judge**</u>

  **a. State whether the parties consent unanimously to proceed before a Magistrate Judge for all purposes, including entry of final judgment.**

  The parties do not consent to proceed before a Magistrate Judge.

**4.**       <u>**Status of Settlement Discussions**</u>

  **a. State whether any settlement discussions have occurred:**

  Settlement discussions were initiated with Plaintiff's initial demand on March 21, 2023.

  **b. Describe the status of any settlement discussions:**

  Plaintiff has not yet received a response to her initial demand.

  **c. Whether the parties request a settlement conference.**

  At this time, the parties do not request a settlement conference.

<table>
<tr>
<td>

*/s/Nathan C. Volheim, Esq.*
**Nathan C. Volheim, Esq.**
**Franklin Jara, Esq.**
Sulaiman Law Group, Ltd
2500 South Highland Ave., Suite 200
Lombard, IL 60148
(630) 568-3056
nvolheim@sulaimanlaw.com
fjara@sulaimanlaw.com
***Attorneys for Plaintiff***

</td>
<td>

*/s/ Kevin W. Frey, Esq.*
**Kevin W. Frey, Esq.** (Lead)
**Katherine E. Stryker, Esq.**
Laner Muchin, Ltd.
515 N. State St., Ste. 2800
Chicago, IL 60654
(312) 467-9800
kfrey@lanermuchin.com
kstryker@lanermuchin.com
***Attorneys for Defendant***

</td>
</tr>
</table>

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served by **electronic delivery through the ECF/CM system** on March 24, 2023.

_s/Nathan C. Volheim, Esq._
**Nathan C. Volheim, Esq.**